UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GLOBAL INTERPRETING NETWORK INC, a California Corporation,<br><br>     Plaintiff,<br><br>v.<br><br>GLOBAL INTERPRETING SERVICES, LLC, a Michigan limited liability company,<br><br>     Defendant. | Case No.<br><br>Hon. |

_____

Fabiola A. Galguera (P84212)
**NACHTLAW, P.C.**
*Attorneys for Plaintiff*
501 Avis Drive, Suite 3
Ann Arbor, MI 48108
(734) 663-7550
fgalguera@nachtlaw.com

Gordon E. Gray (CA 175209)
Pending Admission *Pro hac vice*
**MANDOUR & ASSOCIATES, APC**
*Attorneys for Plaintiff*
12121 Wilshire Blvd, Suite 810
Los Angeles, CA 90025
(310) 656-3900
ggray@mandourlaw.com
_____

**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION; DEMAND FOR JURY TRIAL**

Plaintiff Global Interpreting Network Inc. (hereinafter "Global Interpreting" or Plaintiff), by and through its counsel, alleges for its complaint against Defendant Global Interpreting Services, LLC (hereinafter "GIS" or Defendant) as follows:

- 1 -

## NATURE OF THE ACTION

1. This is an action for trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. § 1051, *et seq*. and common law, and state and common law unfair competition.

## THE PARTIES

2. Plaintiff Global Interpreting Network Inc. is a California corporation headquartered in Valencia, California.

3. On information and belief, defendant GIS is a Michigan limited liability company located at 42633 Garfield Road, #314, Clinton Township, Michigan 48038.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this lawsuit under 15 U.S.C. § 1121 and 28 U.S.C. § 1338 because the action arises under the trademark laws of the United States and pendant jurisdiction over any and all state causes of action under 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendant because Defendant resides in the district.

6. Venue is proper and reasonable in this district under 28 U.S.C. § 1391(b) because Defendant resides in the District.

## FACTS

### Plaintiff's Business

7. Plaintiff is engaged in the business of offering various goods and services including, without limitation, providing translation and interpreting services (hereinafter "Plaintiff's Goods and Services").

8. Plaintiff is the owner and assignee of the trademarks and designation GLOBAL used in conjunction with translation and interpreting goods and services. Plaintiff's GLOBAL trademark is the subject of U.S. Trademark Registration No. 1,295,118. A true and correct copy of plaintiff's registration is attached hereto as Exhibit A. U.S. Trademark Registration No. 1,295,118 is incontestable pursuant to 15 U.S.C. §1065.

9. Plaintiff has promoted and sold Plaintiff's Goods and Services with the trademark, trade name and designation GLOBAL. Plaintiff, through its predecessors in interest, first used its GLOBAL trademark in interstate commerce on and in connection with Plaintiff's Goods and Services at least as early as December 6, 1982.

10. Plaintiff has promoted Plaintiff's Goods and Services featuring plaintiff's GLOBAL trademark online at the website GlobalInterpreting.com. True and correct copies of screenshots showing plaintiff's use of the GLOBAL trademark are attached hereto as Exhibit B.

11.   Plaintiff's GLOBAL trademark is unique, arbitrary, and inherently distinctive and, as such, designate a single source of origin. As a result of Plaintiff's continuous use of its GLOBAL mark, Plaintiff has acquired substantial goodwill in and to its GLOBAL trademark.

12.   Plaintiff has invested significantly to extensively advertise and promote Plaintiff's Goods and Services featuring plaintiff's GLOBAL trademark throughout the United States. As a result of plaintiff's extensive and exclusive use, plaintiff's GLOBAL trademark has developed significant goodwill in the market and represents a valuable asset of plaintiff.

13.   Plaintiff has never had an intent to abandon the GLOBAL trademark and has not ceased use of the mark for three or more years.

## Defendant's Wrongful Conduct

14.   On information and belief, defendant GIS is a Michigan limited liability company operating a website at the domain name GlobalInterpretingServices.com.

15.   On information and belief, defendant Global Interpreting Services, LLC began using its infringing GLOBAL trademark long after Plaintiff established its trademark rights (the "Infringing GLOBAL mark"). GIS operates a website that advertises interpreting and translation services. Thus, GIS offers goods and services related or identical to Plaintiff's Goods and Services under a confusingly

similar, if not identical, trademark. True and correct copies of screenshots showing GIS's uses of the Infringing GLOBAL mark are attached hereto as Exhibit C.

16. Despite defendant's awareness of plaintiff's GLOBAL trademark and registration, defendant willfully continued to use the Infringing GLOBAL mark and profited from the infringement by misdirecting viewers, consumers and revenue to its business and away from plaintiff's business.

17. Defendant's use of the Infringing GLOBAL mark is likely to cause, and has caused, confusion among consumers who expect to conduct business with plaintiff and instead reach defendant.

18. Plaintiff has been irreparably harmed and has suffered economic loss as well as the loss of goodwill from defendant's unlawful and willful acts. Because damages will constitute an insufficient remedy, plaintiff requires equitable relief in the form of a permanent injunction restraining defendant's continued infringement of plaintiff's GLOBAL trademarks and source designations.

## CLAIMS OF RELIEF

## FIRST CLAIM OF RELIEF

### (Trademark Infringement – 15 U.S.C. § 1114)

19. Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 18 of the complaint as though fully set forth herein.

20. Defendant's use of the Infringing GLOBAL mark has caused and is

likely to have caused confusion and reverse confusion amongst consumers as to the quality and source of Plaintiff's Goods and Services.

21. By reason of the foregoing and upon information and belief, defendant GIS has violated the Lanham Act (15 U.S.C. § 1114) by using, in connection with its services and advertisements, trademark(s) which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection, or association of plaintiff with defendant and as to the origin, sponsorship, or approval of defendant's goods, services and/or advertisements.

22. By reason of the foregoing and upon information and belief, defendant's acts constitute direct, indirect, contributory and vicarious trademark infringement.

23. By reason of the foregoing unlawful acts recited in the paragraphs above, plaintiff has been irreparably harmed and will continue to suffer damage until an appropriate injunction and damage award, including increased treble damages and attorneys' fees, are imposed by this Court against defendant.

24. On information and belief, Defendant GIS willfully and intentionally adopted and used marks confusingly similar to Plaintiff's trademarks to steal plaintiff's goodwill.

## SECOND CLAIM FOR RELIEF

**(False Designation of Origin – 15 U.S.C. § 1125(a))**

25. Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 24 of the complaint as though fully set forth herein.

26. On information and belief, defendant willfully and intentionally adopted and used mark(s) confusingly similar to plaintiff's GLOBAL trademarks and designations to steal plaintiff's goodwill.

27. Additionally, defendant has caused or is likely to have caused confusion and reverse confusion amongst consumers as to the quality and source of plaintiff's services.

28. By reason of the foregoing and upon information and belief, defendant GIS has violated Section 43 of the Lanham Act (15 U.S.C. § 1125(a)) by using, in connection with its goods and advertisements, false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection, or association of plaintiff with defendant and as to the origin, sponsorship, or approval of defendant's goods, services and commercial activities.

29. By reason of the foregoing unlawful acts recited in the above paragraphs, plaintiff has been irreparably harmed and will continue to suffer damage until an appropriate injunction and damage award, including increased treble damages and attorneys' fees, are imposed by this Court against defendant.

## THIRD CLAIM FOR RELIEF

**(Unfair Competition – 15 U.S.C. § 1125(a))**

30. Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 29 of the complaint as though fully set forth herein.

31. On information and belief, defendant willfully and intentionally adopted and used marks confusingly similar to plaintiff's GLOBAL trademark and designations to steal plaintiff's goodwill.

32. Additionally, defendant has caused or is likely to have caused confusion and reverse confusion amongst consumers as to the quality and source of plaintiff's services.

33. By reason of the foregoing and upon information and belief, defendant has violated Section 43 of the Lanham Act (15 U.S.C. § 1125(a)) by unfairly competing with plaintiff by using in connection with its goods and advertisements, false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection, or association of Plaintiff with defendant and as to the origin, sponsorship, or approval of defendant's goods and commercial activities.

34. By reason of the foregoing unlawful acts recited in the above paragraphs, plaintiff has been irreparably harmed and will continue to suffer damage until an appropriate injunction and damage award, including increased treble damages and attorneys' fees, are imposed by this Court against Defendant.

### **FOURTH CLAIM FOR RELIEF**

**(Michigan Deceptive Trade Practices under Mich. Comp. Stat. § 445.901 *et seq*.)**

35. Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 34 the complaint as though fully set forth herein.

36. Plaintiff and Defendant are competitors and offer the same services.

37. Upon information and belief, Defendant has made and will continue to make substantial profits and gains that they are not entitled to in law or equity.

38. Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

39. Defendant's acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

40. Defendant's acts, as set forth above, constitute unfair competition as defined under Michigan Deceptive Trade Practices Act, all to the damage of plaintiff as previously alleged.

### FIFTH CLAIM FOR RELIEF

**(Common Law Unfair Competition)**

41. Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 40 the complaint as though fully set forth herein.

42. Defendant is engaged in trade and/or commerce as stated above.

43. Defendant has engaged in unfair competition by infringing acts

described above, including but not limited to infringement by misdirecting viewers, consumers and revenue to its business and away from Plaintiff's business.

44. As a result of Defendant's violations, Plaintiff has been damaged in the ways herein described, including but not limited to loss of profits.

45. Defendant's acts, as set forth above, constitute unfair competition as defined under Michigan common law, all to the damage of plaintiff as previously alleged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks that this Court grant judgment against defendant for the following:

A. Defendant, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, be enjoined from:

    i. infringing Plaintiff's GLOBAL trademarks;

    ii. using, advertising, marketing, selling or offering to sell goods and/or services marked with the Infringing GLOBAL mark;

    iii. competing unfairly with plaintiff in any manner, including infringing any of plaintiff's trademark rights;

    iv. Using the domain name GlobalInterpretingServices.com for any purpose;

and,

 v. conspiring, encouraging, inducing, allowing, abetting, or assisting others in performing any of the activities referred to in subparagraphs (i) - (iv) above.

B. Defendant shall file with the Court and serve on plaintiff, within 30 days after the entry and service on defendant of an injunction, a report in writing and attested to under penalty of perjury setting forth in detail the manner and form in which defendant have complied with the provisions of subparagraph (A) above.

C. Plaintiff recovers all damages it has sustained as a result of defendant's trademark infringement, false designation of origin and unfair competition.

D. Plaintiff be awarded defendant's profits, corrective advertising damages and enhanced damages.

E. An accounting be directed to determine defendant's profits resulting from their infringement, false designation of origin and unfair competition and that the profits be paid over to plaintiff, increased as the Court determines is appropriate to the circumstances of this case.

F. Plaintiff be awarded its reasonable attorneys' fees for prosecuting this action.

G. Plaintiff recover its costs of this action and pre-judgment and post-

judgment interest, to the full extent allowed by law.

H.      Plaintiff be awarded treble damages pursuant to 15 U.S.C. § 1117 or any other relevant statute.

I.      Plaintiff be awarded punitive damages pursuant to, *inter alia*, California common law, Bus. And Prof. Code § 14250, and any other relevant statute.

J.      Plaintiff receives all other relief the Court deems appropriate.

Respectfully submitted,

**NACHTLAW, P.C.**

/s/ Fabiola A. Galguera
Fabiola A. Galguera  (P84212)
501 Avis Drive, Suite 3
Ann Arbor, MI 48108
(734) 663-7550
fgalguera@nachtlaw.com

Dated:  September 17, 2025

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by the jury on its claims herein and all issues and claims so triable in this action.

Respectfully submitted,

**NACHTLAW, P.C.**

/s/ Fabiola A. Galguera
Fabiola A. Galguera  (P84212)
501 Avis Drive, Suite 3
Ann Arbor, MI 48108
(734) 663-7550
fgalguera@nachtlaw.com

Dated:  September 17, 2025